IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARIUS RAY JORDAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-CV-205 (CAR) |
| | : | |
| TOMMY TREMBLE, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation to grant Defendants Tommy Tremble, Marvin Smith, and Euelia Durden's Motion for Summary Judgment and dismiss Plaintiff Darius Ray Jordan's case for failure to exhaust his administrative remedies. Because exhaustion is "a matter in abatement and not generally an adjudication on the merits," the Magistrate Judge also recommends treating Defendants' Motion as a motion to dismiss rather than a motion for summary judgment.[1] Plaintiff has filed an Objection to the Report and Recommendation, and Defendants have submitted an additional Response.[2] Having

---

[1] *See Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

[2] On February 3, 2014, Plaintiff filed a "Notice of Out of Time Objection" informing the Court of his "full intentions on objecting to Defendants Response" within ten (10) business days. [Doc. 32]. However, the Court has not received any additional filings from Plaintiff since February 3rd.

considered these filings pursuant to 28 U.S.C. § 636(b)(1), the Court agrees with the findings and conclusions of the Magistrate Judge.

Plaintiff's Objection does not challenge the Magistrate Judge's analysis.  Instead, Plaintiff asserts for the first time that the grievance coordinator should have realized he was filing an "emergency grievance" and taken immediate action to address his complaint rather than rejecting it as an untimely informal grievance.[3]   Plaintiff's argument is without merit.

Assuming, *arguendo*, that the grievance coordinator erred, Plaintiff should have addressed this error in accordance with the Georgia Department of Corrections Standard Operating Procedures ("GDC SOP").  GDC SOP specifically provides that an "inmate may grieve the determination that his grievance is not an emergency by filing a grievance.  This grievance will be handled through the normal process set forth in this SOP."[4]  Because Plaintiff failed to file any further grievances, he also failed to exhaust his available administrative remedies.[5]  Thus, Plaintiff's case must be dismissed.

Based on the foregoing, the Magistrate Judge's Report and Recommendation [Doc. 25] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Defendants'

---

[3] The Court exercises its discretion to consider this new argument.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("A district court has discretion to decline to consider a party's arguments when that argument was not first presented to the magistrate judge.").
[4] [Doc. 14-15, p. 17].
[5] [Doc. 14-1, p. 17].

Motion [Doc. 14], as construed, is **GRANTED**, and Plaintiff's case is hereby

**DISMISSED** for failure to exhaust his administrative remedies.

SO ORDERED, this 21st day of March, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP